UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DEBORAH SMITH, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:17-CV-368-TLS |
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO AND VICINITY PENSION TRUST, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On August 3, 2017, Plaintiff Deborah Smith filed a Complaint in State Court [ECF No. 5] against Defendants Iron Workers District Council of Southern Ohio and Vicinity Pension Trust ("the Fund") and Garland Smith, which was removed to Federal Court on August 25, 2017 [ECF No. 1]. On August 31, 2017, the Fund filed a Motion for Judgment on the Administrative Record [ECF No. 7], as well as a Motion to Change Venue [ECF No. 8]. The Plaintiff responded to the Motion to Change Venue on September 14, 2017 [ECF No. 16], but did not respond to the Motion for Judgment on the Administrative Record, and the Fund replied on September 20, 2017 [ECF No. 20]. On November 16, 2017, the Fund requested a status conference [ECF No. 16, 2017] regarding the procedural posture of its Motions and indicated that it would consider withdrawing its Motion to Change Venue if the Court were to agree that the Motion for Judgment on the Administrative Record was ripe. On November 17, 2017, the Magistrate Judge denied the Fund's request for a hearing [ECF No. 23], set a deadline for the Fund to withdraw its Motion to Change Venue, and agreed that the Motion for Judgment on the Administrative

Record was ripe for consideration. The Fund filed a Motion to Withdraw its change of venue request [ECF No. 24], which the Magistrate Judge granted on November 20, 2017 [ECF No. 25].

On December 14, 2017, the Court sua sponte set deadlines for responses and replies to the Motion for Judgment on the Administrative Record [ECF No. 26]. The Fund filed a Request for Reconsideration on December 15, 2017 [ECF No. 27].

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995). Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A court may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)).

The Court finds that reconsideration of its Order setting responsive deadlines would be in the interests of justice. As the Fund points out, the Magistrate Judge previously indicated that that the deadline for the Plaintiff to respond to the Fund's Motion for Judgment on the Administrative Record has passed (*See* ECF No. 23), and the Plaintiff has not offered reasons demonstrating good cause for her failure to respond. Therefore, the Court GRANTS the Fund's Motion to Reconsider [ECF No. 27] and VACATES its Order setting deadlines for responding to the Motion for Judgment on the Administrative Record [ECF No. 26].

SO ORDERED on December 20, 2017.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT