## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| DEBORAH SMITH, )<br>      Plaintiff, )<br> )<br>    v. )<br> )<br>IRON WORKERS DISTRICT COUNCIL OF )<br>SOUTHERN OHIO & VICINITY PENSION )<br>TRUST and GARLAND SMITH, )<br>      Defendants. ) | CAUSE NO.: 1:17-CV-368-TLS-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to File Amended Complaint [DE 28], filed by Plaintiff Deborah Smith[1] on December 19, 2017. Defendant Iron Workers District Council of Southern Ohio & Vicinity Pension Trust (the "Fund") filed a response on December 21, 2017. Smith filed a reply on December 28, 2017. For the reasons stated below, the motion is granted in part and denied in part.

### PROCEDURAL BACKGROUND

Smith originally brought her claims in a Third Party Complaint filed on August 3, 2017, in Whitley County, Indiana, Circuit Court. Smith alleges that she was injured by and is entitled to relief because of the Fund's actions taken in regard to Domestic Relations Orders, which were issued by the state court in dissolution of marriage proceedings and which awarded to Smith a percentage of the monthly pension payments that her ex-husband receives from the Fund.

The Fund removed the Third Party Complaint to this Court on August 25, 2017. On August 31, 2017, the Fund filed a Motion for Judgment on the Administrative Record, a Motion to Transfer

---

[1] Though Defendant Garland Smith shares the same surname as Plaintiff Deborah Smith, the Court will refer to Plaintiff Deborah Smith as "Smith" in this Opinion and Order because Defendant Garland Smith is not involved in the instant motion.

Venue, and its Answer to Smith's Complaint. The Motion to Transfer Venue became fully briefed. Smith did not respond to the Motion for Judgment on the Administrative Record before her deadline to do so expired.

The Fund requested a status conference regarding the unopposed Motion for Judgment on the Administrative Record, indicating that it might consider withdrawing its Motion to Transfer Venue if the Court deemed the Motion for Judgment on the Administrative Record ripe for ruling. On November 17, 2017, the Court denied the request for a status conference and indicated that the response deadline for the Motion for Judgment on the Administrative Record had passed. The Fund filed a Motion to Withdraw the Motion to Transfer Venue on the same day. The Court granted that motion. Approximately one month later, Smith filed the instant Motion to File Amended Complaint.

Smith brings two claims in the original complaint. Count I is titled "Equitable Relief" and cites no specific legal authority under which it is brought, and Count II brings a tort claim of conversion pursuant to Indiana Code 34-24-3-1. Smith seeks to bring four claims in the proposed amended complaint. Count I alleges a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), Count II requests equitable relief under 29 U.S.C. § 1132(a)(3), Count III—the only claim brought against proposed new Defendant Board of Trustees of the Iron Workers District Council of Southern Ohio & Vicinity Pension Trust—alleges a breach of fiduciary duty under 29 U.S.C. § 1132(a)(2), and Count IV brings the same claim of conversion pursuant to Indiana Code 34-24-3-1 brought in Count II of the original complaint.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, in the procedural posture of the instant case, a party "may amend its pleading only with the opposing party's written consent or the court's

leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Smith states that she "seeks leave to file the Amended Complaint to make a claim for breach of fiduciary duty . . . ." (Pl.'s Br. 3, ECF No. 29). She further clarifies that she believes that she "should be granted leave to make all claims available to her under [29] U.S.C. § 1132, and not only those available under Indiana state law or [29] U.S.C. § 1132(a)(1)(B)." *Id.* In response to Smith's motion, the Fund argues that Smith should not be granted leave to amend because the proposed amended complaint is futile, redundant, and brought in bad faith and would cause undue prejudice and delay. The Court addresses these arguments below.

### A. Futility and Redundancy

The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is

3

entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

1. *Count I – Claim for Benefits & Count II – Equitable Relief*

In the proposed amended complaint, Count I and Count II are brought on allegations that were part of Count I in the original complaint. The proposed Count I alleges a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and the proposed Count II requests equitable relief under 29 U.S.C. § 1132(a)(3).

Subsection (a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Subsection (a)(3) provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Id.* at § 1132(a)(3).

The Fund concedes that Smith can bring claims under subsection (a)(1)(B) and presents no argument to the Court that Count I of the proposed amended complaint is futile. Regarding the request for equitable relief pursuant to subsection (a)(3), however, the Fund argues that Smith's

4

claim brought under that subsection is futile. The Supreme Court indicated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"*Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (citing *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 144 (1985)).

The Seventh Circuit Court of Appeals noted that "[c]onsistent with *Varity's* admonition, a majority of the circuits are of the view that if relief is available to a plan participant under subsection (a)(1)(B), then that relief is *un* available under subsection (a)(3)." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009) (citations omitted). The appeals court continued: "[a]lthough we have not had occasion to consider that question, [the plaintiff] has given us no reason to depart from the holdings of those circuits." *Id.* Several courts in this circuit have dismissed subsection (a)(3) claims where subsection (a)(1)(B) provides relief. *See Schultz v. Prudential Ins. Co. of America*, 678 F. Supp. 2d 771, 778-779 (N.D. Ill. 2010) (collecting cases); *see also Biglands v. Raytheon Employee Savings and Inv. Plan*, 801 F. Supp. 2d 781, 783-84 (N.D. Ind. 2011); *Fox v. Special Agents Mut. Ben. Assoc.*, No. 1:05-CV-755, 2006 WL 3613308, *8 (S.D. Ind. Sept. 19, 2006). Smith has given this Court no reason to depart from the holdings of these other courts. The Court will find the subsection (a)(3) claim to be futile if relief is available under subsection (a)(1)(B).

All of the allegations in Counts I and II revolve around the Fund's handling of Smith's share of her ex-husband's monthly pension payments. Whether the Plan adhered to Domestic Relations Order procedures is enforceable through suit under § 1132(a)(1)(B). *See Schoonmaker v. Emp. Sav. Plan of Amoco Corp. & Participating Cos.*, 987 F.2d 410, 414 n.5 (7th Cir. 1993). All of Smith's

5

allegations are in regard to the Fund's actions taken in regard to the Domestic Relations Orders issued by the state court.

Smith's requests for relief for Counts I and II are identical—she seeks a Court order requiring the Fund to accept the Domestic Relations Order, to release the withheld money, and to pay Smith's attorney fees and costs. Smith also requests all other just and proper relief. Because subsection (a)(1)(B) provides the relief Smith seeks, relief is unavailable to her under subsection (a)(3). Count II, the claim brought under subsection (a)(3), is futile.

2. *Count III – Breach of Fiduciary Duties*

In Count III of the proposed amended complaint, Smith seeks to add a claim of breach of fiduciary duties against the trustees of the Fund pursuant to 29 U.S.C. § 1132(a)(2). This subsection permits suits brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2).

The Fund argues that there is no individual cause of action available under subsection (a)(2). In support, the Fund cites *Russell*, 473 U.S. at 144, and *Varity Corp.*, 516 U.S. at 512. However, in *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008), the Supreme Court held that *Russell* and *Varity Corp.* should not be given so broad a reading as to preclude all suits brought by individuals for injuries unique to them. Subsection (a)(2) "does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account," but it "does not provide a remedy for individual injuries distinct from plan injuries." *LaRue*, 552 U.S. at 256; *accord Varity Corp.*, 516 U.S. at 512 (stating that subsection (a)(2) concerns "fiduciary obligations related to the plan's financial integrity").

Although *Russell* and *Varity Corp.* are not read as broadly as the Fund asserts, it is correct that Plaintiff's claim under subsection (a)(2) is futile. Smith is not alleging mismanagement of the

6

Fund or any such matter which could be deemed to fall into this category of "plan injuries." Accordingly, Smith has not stated a claim upon which relief can be granted under 29 U.S.C. § 1132(a)(2). Count III in the proposed amended complaint is futile.

3. *Count IV – Conversion*

The Fund states that, for reasons stated in the Motion for Judgment on the Administrative Record, the Indiana state law claim of conversion is preempted by ERISA. However, when addressing the issue of futility, the Court looks only to the complaint to see if it states a claim. The Fund does not argue that Smith's claim of conversion under Indiana state law would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court will not take up this matter on its own.

4. *Redundancy*

For the reasons stated above, Counts II and III are futile. Smith will not be permitted to add these counts by amending her complaint. However, Counts I and IV are not futile. The Fund also argues that Smith should not be allowed to amend he complaint because these counts are redundant to the counts brought in the original complaint. In Smith's original pleading, she alleged that she was injured by the Fund's actions and entitled to "equitable relief" without citing to any legal authority entitling her to that relief.[2] In Count I of the proposed amended complaint, Smith brings a claim for benefits—a form of legal, not equitable, relief—and cites 29 U.S.C. § 1132(a)(1)(B) as legal authority for her request. Count I in the proposed amended complaint is not the same as Count I in the original complaint. Redundancy does not provide a basis on which to deny Smith leave to amend the complaint as to Counts I and IV in the proposed amended complaint.

---

[2] A party need not plead legal theories. *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 973 (7th Cir. 1999) ("Federal Rule of Civil Procedure 8(a) requires a 'short and plain statement of the claim'; it does not require the plaintiff to plead legal theories.").

## B. Prejudice

The Fund argues that it will be unduly prejudiced if Smith's motion is granted. The Fund contends that it withdrew its request to transfer venue "in reliance on this Court's prior statement that the Motion for Judgment was ripe for decision and that Smith's time to oppose such motion had passed." (Def.'s Resp., 7, ECF No. 31). The Fund also maintains that it will incur costs due to additional briefing on a Motion for Judgment on the Administrative Record.

First, though both parties assume that the Court declared that the Motion for Judgment on the Administrative Record was "ripe for ruling," the Court only stated that Smith "did not file a response to the Motion for Judgment on the Administrative Record, and the deadline by which to do so has passed," and that "[t]he time for filing briefs has concluded." (Order of Nov. 17, 2017, 1, ECF No. 23). Federal Rule of Civil Procedure 6(b)(1)(B) permits a deadline to be extended after the deadline expires if the party requesting the deadline failed to act because of excusable neglect. The Court, in noting that the deadline passed, did nothing to preclude Smith from filing a motion pursuant to Rule 6(b)(1)(B). Smith filed such a motion on December 22, 2017, and it remains pending.

It appears that the Fund decided to withdraw its Motion to Transfer Venue based on an overly broad interpretation of the Court's statement. If leave to amend is denied, the Fund may still incur much of the purported prejudice because the Court may grant the pending motion to extend the deadline for Smith to file a response. Further, some of the additional expenses of fully briefing the Motion for Judgment on the Administrative Record would likewise be incurred, though admittedly not the cost of refiling the Motion for Judgment on the Administrative Record itself.

Though the Fund argues that Smith will not be prejudiced by denial of leave to amend because proposed Counts I and IV are the functional equivalent of the original Counts I and II,

8

Smith's original Count I sought equitable relief, and her proposed amended Count I seeks legal relief. Further, it appears that Smith seeks to conform proposed Count I to the parameters of claims permitted by ERISA. While nearly every amendment may result in some prejudice to the non-moving party, the standard to be applied is whether undue prejudice would result. *See Foman*, 371 U.S. at 182. The Court finds that any prejudice to the Fund in allowing Smith to amend her complaint to add the non-futile claims is not undue.

### C. Delay and Bad Faith

The Fund contends that Smith is seeking leave to amend her complaint in bad faith. Specifically, the Fund maintains that Smith's motion is a bad faith attempt to avoid an uncontested ruling on the Motion for Judgment on the Administrative Record. In support, the Fund points to the timing of the filing of the instant motion. The Fund asserts that Smith should have known all of the facts and evidence surrounding her dispute on or about August 31, 2017, the date on which the Fund filed its Motion for Judgment on the Administrative Record. Smith filed the instant motion a little less than four months later on December 19, 2017. The Fund asserts that Smith's months of inaction are undue delay and that Smith's motion is brought in bad faith.

Smith counters that, admittedly unwisely, she was waiting for resolution of the Motion to Transfer Venue before responding to the Motion for Judgment on the Administrative Record and taking up the issue of seeking leave to amend her complaint because the relevant legal issues have been handled differently in the Sixth Judicial Circuit, to where the Fund sought to transfer this litigation, than they have been handled in this circuit.

"[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (citation omitted). However, "the longer the delay, the greater the presumption against granting leave to amend." *Soltys*

9

*v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted).

Here, the delay was less than four months, and Smith has explained her delay in seeking leave to amend her complaint: she was waiting to learn in which court she would be litigating. Smith filed the instant motion within a month of resolution of the venue issue. Though the Fund believes Smith's motion to be an attempt to avoid the consequences of missing her deadline to respond to the Motion for Judgment on the Administrative Record, the Court is not persuaded that Smith's stated reason is pretense.

The Fund also asserts that Smith's bad faith is betrayed by the functional equivalency between Smith's original and proposed amended complaints. As discussed above, Smith's original complaint brought a claim for equitable relief where the proposed amended complaint brings a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and seeks legal relief. These claims are not the same.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to File Amended Complaint [DE 28]. The Court **ORDERS** Plaintiff Deborah Smith to file her Amended Complaint, with only the 29 U.S.C. § 1132(a)(1)(B) and Conversion claims included, **on or before March 28, 2018**.

SO ORDERED this 26th day of March, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT