# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DEBORAH SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CAUSE NO.: 1:17-CV-368-TLS |
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO AND VICINITY PENSION TRUST, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

On August 3, 2017, Plaintiff Deborah Smith filed a Complaint in State Court [ECF No. 5] against Defendants Iron Workers District Council of Southern Ohio and Vicinity Pension Trust (the Fund) and Garland Smith, which was removed to Federal Court on August 25, 2017 [ECF No. 1]. The Plaintiff alleged that she was injured by the Fund's actions taken in regard to Domestic Relations Orders (DROs), which were issued by the state court during dissolution of marriage proceedings. The DROs awarded her a percentage of the monthly pension payments received by her ex-husband from the Fund.

On August 31, 2017, the Fund filed a Motion for Judgment on the Administrative Record (Motion for Judgment) [ECF No. 7], as well as a Motion to Change Venue [ECF No. 8]. The Plaintiff responded to the Motion to Change Venue on September 14, 2017 [ECF No. 16], but did not respond to the Motion for Judgment, and the Fund replied on September 20, 2017 [ECF No. 20]. On November 16, 2017, the Fund requested a status conference [ECF No. 22] regarding the procedural posture of its Motions and indicated that it would consider withdrawing its Motion to Change Venue if the Court were to agree that the Motion for Judgment was ripe. On

November 17, 2017, the Magistrate Judge denied the Fund's request for a hearing [ECF No. 23], set a deadline for the Fund to withdraw its Motion to Change Venue, and agreed that the deadline for responding to the Fund's Motion for Judgment had passed. The Fund filed a Motion to Withdraw its change of venue request [ECF No. 24], which the Magistrate Judge granted on November 20, 2017 [ECF No. 25].

On December 19, 2017, the Plaintiff filed a Motion to Amend her Complaint [ECF No. 28], to which the Fund responded on December 21, 2017 [ECF No. 31], and the Plaintiff replied on December 28, 2017 [ECF No. 33]. On December 22, 2017, the Plaintiff filed a Motion for Extension of Time [ECF No. 32] to respond to the Funds' Motion for Judgment, to which the Fund responded on December 29, 2017 [ECF No. 34]. Because the Plaintiff simultaneously asked for relief from the Fund's dispositive Motion, the Court entered a Notice [ECF No. 35] to the parties that it would consider the Plaintiff's Motion for Extension of time after the Magistrate Judge ruled on the Plaintiff's Motion to Amend her Complaint. On March 26, 2018, the Magistrate Judge granted in part and denied in part [ECF No. 36] the Plaintiff's Motion, and the Plaintiff filed her Amended Complaint [ECF No. 37] the next day. The Court now turns to the Plaintiff's Motion for an Extension of Time to file a response to the Fund's Motion for Judgment.

## ANALYSIS

**A.     Whether the Fund's Motion for Judgment on the Administrative Record is Moot**

The Court first considers whether, in light of the Plaintiff's Amended Complaint, the Fund's Motion for Judgment on the Administrative Record is moot. The Fund's Motion is premised on the Fund's assertions that the Plaintiff's original claims are preempted under 29

U.S.C. § 1144(a) and that her claims are more appropriately categorized as falling under § 502(a) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Fund then argues that the correct standard under which the Court may review this case is whether the plan administrator acted in an arbitrary and capricious manner, which limits the Court to a review of the evidence that was before the administrator. Thus, the Fund argues that judgment on the administrative record is appropriate.

The Plaintiff's Amended Complaint brings a claim under ERISA section 502(a)(1)(B) as well as for conversion under Indiana state law. The Fund's Motion for Judgment also asserts that her state law conversion claim is preempted by § 1144(a) and argues that it is entitled to judgment under § 502(a). Because the Fund's arguments remain pertinent to the Plaintiff's Amended Complaint, the Court finds that the Fund's Motion is not moot.

**B.     Extension of Time**

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is a somewhat 'elastic concept,' demanding an equitable determination that can encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Hanson v. Gladieux*, No. 166-CV-201, 2017 WL 4385442, at *1 (N.D. Ind. Oct. 2, 2017) (internal quotations omitted). The Court must "take account of all relevant circumstances surrounding the party's omission including the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in

good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404–05 (7th Cir. 2011) (internal quotation and alterations omitted). "A finding of excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' but extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.'" *Lewis v. Sch. Dist. # 70*, 523 F.3d 730, 740 (7th Cir. 2008) (citation omitted) (quoting *Pioneer Inv. Sevs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)).

The Fund argues that the Plaintiff failed to meet her burden to show good cause and excusable neglect. The Fund argues that its Motion to Change Venue had no bearing on the required briefing schedule for its Motion for Judgment and, in any event, the Plaintiff's error amounted at best to a miscalculation of a deadline, which is not excusable neglect. The Fund also states that it would suffer undue prejudice if the Plaintiff's Motion is granted because it withdrew its Motion to Change Venue based on the Magistrate Judge's representation that the Plaintiff's deadline to respond to the Motion for Judgment had passed and because it will incur further costs to fully brief and argue the pending Motion. Further, the Fund argues that the length of the Plaintiff's delay in filing her Motion militates against granting her Motion because she had all of the information she needed to respond as of August 31, 2017.

The Plaintiff argues that she has shown good cause and excusable neglect. She states that she failed to respond to the Defendant's Motion for Judgment because she believed that it was logical to wait until the Court resolved the Defendant's Motion to Change Venue before responding to the Fund's Motion for Judgment. This is because, the Plaintiff argues, different circuits handle motions for judgment on the administrative record differently, and it did not make sense to respond under Seventh Circuit law if the case was going to be transferred to a different

circuit. The Plaintiff's Motion was filed a month after the Fund withdrew its Motion to Change Venue. The Plaintiff argues that there is no prejudice to the Fund because the Court likely would have denied the Fund's Motion to Change Venue if the Fund had not withdrawn it.

The Court generally agrees with the Plaintiff. In his Opinion and Order granting the Plaintiff's Motion to Amend her Complaint, the Magistrate Judge found that, although there would be prejudice to the Fund, such prejudice was not "undue." The Magistrate Judge noted that the Fund had relied on an "overly broad interpretation of the Court's statement" regarding briefing deadlines. The Magistrate Judge was also not persuaded that the Plaintiff's stated reason for delay was a pretense, disguising a bad faith motive.

As it pertains to the instant Motion, the Court agrees with the Magistrate Judge's assessment of the parties' arguments. The Court does not find that the Fund would be onerously prejudiced if the Court grants the Plaintiff's Motion given that the Fund interpreted the Magistrate Judge's ruling too broadly, that the Fund will not incur costs associated with re-filing a motion for judgment on the administrative record, and that, had the Plaintiff timely responded, the Fund would have incurred the costs of replying anyway. The Fund "will simply have to litigate the case fully now, rather than score 'a windfall.'" *HMBI, Inc. v. Schwartz*, No. 1:06-CV-24, 2008 WL 2600150, at *2 (N.D. Ind. June 26, 2008) (citing *Sun v. Bd. of Tr. of Univ. of Ill.*, 473 F.3d 799, 811–12 (7th Cir. 2007)). The Court also does not find that the Plaintiff has moved in bad faith. The Plaintiff filed her Motion a month after the Fund's Motion to Change Venue was resolved and within four months of the filing of the Fund's Motion. The Court does not find this to be such an egregious delay as to justify denying the Plaintiff's Motion.

## CONCLUSION

Accordingly, the Court GRANTS the Plaintiff's Motion for an Extension of Time [ECF No. 32]. The Magistrate Judge will set a briefing schedule and any necessary status conferences by separate order.

SO ORDERED on March 30, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT